Joseph F. Hawkins, J.
The defendant moves for reargument. This court previously determined, in ruling upon the plaintiff wife’s application for temporary custody and alimony, that custody of both infant son and daughter be awarded pedente lite to the mother, and the defendant’s obligations for support and maintenance were fixed.
The defendant’s primary objection appears to be to the award to plaintiff of custody of the parties’ son, now 11 years of age. The court deliberately limited its prior opinion to the barest necessary dispositive provisions, eschewing characterizations and specifics lest the marital battle lines be so hardened as to bar a reconciliation or a tolerable modus vivendi. It was our further hope that in the course of settling the order the parties, assisted by their counsel, might agree upon some mutually acceptable decretal provisions respecting the date upon which the infant was to be returned to his mother and for liberal visitation rights for the defendant, with the parties always mindful *263 that the paramount concern was to he the child’s best welfare. In so doing, obviously, we were unduly sanguine.
The quintessence of defendant’s argument is that plaintiff by failing to observe some of the rigorous tenets and practices of strict Hebrew orthodoxy deprived the defendant under the somewhat unusual circumstances here presented of his conjugal rights and hence plaintiff is chargeable with abandonment or cruelty.
We note with absorbing interest the rather erudite, if somewhat recondite, exposition of the prenuptial ritual obligations devolving upon an orthodox Hebrew wife; but whatever their import upon a plenary trial, they have no effective bearing on the abiding issue here raised. If it should be ultimately established that the plaintiff’s failure scrupulously to adhere to the many religious observances constitutes a defense to her action of either cruelty or abandonment (Diemer v. Diemer, 8 N Y 2d 206), this would, nevertheless, not be determinative of the issue of temporary custody.
Absent the clearest of presentations that a child’s welfare would be grievously impaired, for obvious and valid reasons, the law favors awarding custody of an immature infant to the mother. In resolving the rare instances of a possible dichotomy between religious observance and secular law — and this seems to be the crux of the problem in the matter at bar — the secular law prevails. As noted by the Court of Appeals in Diemer v. Diemer (supra, p. 211): “ While our law is not to be 1 unnecessarily construed in a manner which would be hostile to religion in family life or to any other of those principles of moral, ethical and considerate conduct which ought to govern the marriage relationship ’, we may not forget that this State, 1 as a matter of long-continued policy, * * * has fixed the status of the marriage contract as a civil contract ’, governed by civil, not religious, law. (Mirizio v. Mirizio, 242 N. Y. 74, 83, supra.) ”
Mr. Justice Saul S. Streit in Gluckstern v. Gluckstern (148 N. Y. S. 2d 391, 394) held that where religious differences were urged as crucial in determining permanent custody and there appeared to be a conflict between canon and secular law, it is the latter rather than the “ Jewish or Hebraic or Mosaic Law or tradition ’ ’ which governs.
Additionally, there are salient doctrines of constitutional law involved which, too, were noted in Gluckstern v. Gluckstern (supra): “ It has been said too that the law could not make diverse religious opinions a legal cause for separation because the fundamental law of the land guarantees freedom of religion. *264 Krauss v. Krauss, [163 La. 218] supra; Hausman v. Hausman, 285 App. Div. 1012. ’ ’
We are not persuaded that the plaintiff should be denied temporary custody because of her alleged backsliding unless it is demonstrated that this has and will have, pendente lite, such profound adverse effect upon the infant’s welfare as to justify denying a mother custody of her child, particularly since such nonobservance impinges upon the defendant’s conjugal rights. The defendant does not establish that this is inimical or deleterious to the child’s welfare.
We are mindful that the infant’s domestic and educational tranquility have been sorely disturbed; but these untoward consequences flow solely from the defendant’s actions.
For the foregoing reasons, the motion for reargument is granted and upon such .reargument having been had, the court adheres to its prior determination in all respects save for providing the following additional directions to be included in the order to be entered hereon: the infant is to be returned to the plaintiff within two weeks from the entry of the order hereon. In the event appropriate arrangements thereafter are not made for the infant’s continued education, the court, upon due application, will make the requisite directions.
So as not to limit unduly the defendant’s obvious and proper concern with his son’s religious rearing, the defendant’s visitation rights are fixed as from the infant’s release from school on the commencement of the Hebrew Sabbath until two hours after the end thereof each week and for a similar period during each high holy day. In the exercise of such visitation rights, the defendant shall be entitled to take his son wherever he deems fit.